UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARIE ROSE D. MURAT,    )
    Plaintiff,          )
                    )
       v.             )  C.A. No. 18-12563-MLW
                    )
CVS PHARMACY, INC. a/k/a CVS )
HEALTH CORPORATE OFFICE,     )
    Defendants.         )

MEMORANDUM AND ORDER

WOLF, D.J.                                         June 28, 2019

Plaintiff Marie Rose D. Murat brings this action against CVS Pharmacy, Inc. ("CVS") for injuries she sustained from a slip-and-fall at a CVS retail store in Randolph, Massachusetts. Murat alleges that as a result of CVS' negligence she slipped on a "small lip balm ball" that rolled under her foot, and sustained injuries to her head, neck, back, shoulders, left hip, and left leg. Am. Compl. ¶¶1, 6 (Dkt. No. 1-1 at 7).

On January 10, 2019, CVS moved for judgment on the pleadings. See Dkt. No. 7. It argues that "[t]he Amended Complaint is devoid of any allegations of a duty owed by CVS, or the existence of an act or omission by CVS in violation of such a duty." Mem. Supp. Mot. J. Pleadings at 4 (Dkt. No. 8). Murat did not file any opposition or otherwise respond to CVS' motion.

On April 3, 2019, the Magistrate Judge issued a Report and Recommendation. See Dkt. No. 10. She recommends that the court allow CVS' motion for judgment on the pleadings. More specifically, she finds that "the factual allegations and reasonable inferences therefrom . . . fail to set out a plausible basis of any duty owed [by CVS to Murat] under the circumstances or a breach of such a duty." Id. at 7; see generally Sheehan v. Roche Bros. Supermarkets, Inc., 863 N.E.2d 1276 (Mass. 2007). For example, "[t]here are no facts indicating how long the 'small lip balm ball' was on the floor," and "no facts indicating that a CVS employee placed or observed the lip balm ball on the floor or knew about its presence on the floor . . . ." R. & R. at 7 (Dkt. No. 10).

The deadline for the parties to file objections to the Report and Recommendation has passed. The parties did not file any objections. Where no objections have been filed to a report and recommendation, the court is not required to engage in de novo review, or even in "some lesser standard" of review. Thomas v. Arn, 474 U.S. 140, 149 (1985); see also 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the court is encouraged "to afford some level of review to dispositive legal issues raised by the report" Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). Accordingly, the court has given "reasoned consideration" to the Magistrate Judge's Report and Recommendation. See id. The court

2

finds it to be thorough, thoughtful, and persuasive. Therefore, the Report and Recommendation is being adopted.

In view of the foregoing, it is hereby ORDERED that:

1. CVS's Motion for Judgment on the Pleadings (Docket. No. 7) is ALLOWED.

2. The attached Magistrate Judge's Report and Recommendation (Docket No. 10) is ADOPTED and INCORPORATED pursuant to 28 U.S.C. §636.

                                                  /s/ Mark L. Wolf
                                UNITED STATES DISTRICT JUDGE